******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALVORD, J., concurring. I agree with the result reached by the majority. I write separately, however, to emphasize the unique situation that leads to such a result and to suggest a more appropriate alternative sanction than the one offered in footnote 4 of the majority opinion.

The plaintiff, Jared Herrick, commenced the present action against the defendants, The Monkey Farm Cafe, LLC,[1] Laura Corning,[2] and Kevin Fisher,[3] seeking damages for injuries he allegedly sustained when he was physically assaulted after he exited The Monkey Farm Cafe by two of its other patrons. The complaint was served on the defendants on February 8, 2013, and, as noted in the majority opinion, thereafter the defendants filed several requests to revise the plaintiff's pleadings and several motions for nonsuit. One of the motions for nonsuit was filed by the defendants on March 27, 2014. A hearing was scheduled for May 19, 2014, at which time the defendants' counsel requested that the plaintiff pay attorney's fees in the amount of $2700 as sanctions for the time they had expended in pursuing the court-ordered revisions to the complaint. The court, exercising considerable patience and compassion after listening to recitation by the plaintiff's counsel of catastrophic personal issues that explained her repeated delays, awarded the defendants $500 in attorney's fees, which represented a modest 18.5 percent of the amount requested.

The court and counsel were discussing when the $500 sanction should be paid, and the plaintiff's counsel offered to tender payment by the end of the week. After the deadline for payment had passed, the defendants filed another motion for nonsuit on July 11, 2014, citing the failure of the plaintiff's counsel to comply with the court's May 19, 2014 order. The court granted that motion on August 4, 2014, and the plaintiff's counsel subsequently made several unsuccessful attempts to persuade the court to reconsider and open the judgment of nonsuit. Given the circumstances surrounding the attempts of the plaintiff's counsel to comply with the deadline for paying the $500 sanction, and even though her efforts to make the payment were clearly less than effective, I concur with the majority that the rendering of a judgment of nonsuit was a disproportionate punishment for the failure to timely comply with the May 19, 2014 order.

Because the initial court-ordered sanction of $500 was particularly lenient, I believe that a more appropriate sanction for the failure of the plaintiff's counsel to timely comply with the court's May 19, 2014 order would have been an increase in attorney's fees awarded to the defendants rather than the sanction of a judgment

of nonsuit. Along with such an increase in the amount of attorney's fees, the court's order could have specified that failure to make the payment of the additional fees by a stated date would automatically result in a judgment of nonsuit. I do not agree with the suggestion set forth in footnote 4 of the majority opinion that the court could enter "a contingent order affecting counsel's right to practice law" if she failed to timely comply. I respectfully submit that such a contingent order would be as harsh an action as the rendering of a judgment of nonsuit.

Nevertheless, I agree that under the extremely unusual circumstances in this case, the trial court abused its discretion in rendering a judgment of nonsuit for the failure of the plaintiff's counsel to timely comply with its May 19, 2014 order. Accordingly, I concur in the result reached by the majority.

[1] The Monkey Farm Cafe, LLC, owned and operated The Monkey Farm Cafe, an establishment in Old Saybrook at which alcoholic beverages were sold to the public.

[2] Corning was the permittee of The Monkey Farm Cafe.

[3] Fisher was employed by The Monkey Farm Cafe as a bartender.